# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin E. Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7178 | **DATE** | 9/20/2001 |
| **CASE TITLE** | Motor Werks Partners v. BMW of North America, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Hearing held on plaintiff's motion for temporary restraining order. Plaintiff's motion for temporary restraining order is denied. The motion for a preliminary injunction is referred to Magistrate Judge Nolan for a hearing forthwith.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| ✓ | Notified counsel by telephone. | | SEP 2 4 2001 | |
| | Docketing to mail notices. | | date docketed | 16 |
| | Mail AO 450 form. | | CM | |
| | Copy to judge/magistrate judge. | ED-7 FILED FOR DOCKETING | docketing deputy initials | |
| GL | courtroom deputy's initials | 01 SEP 21 PM 2: 17 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

MOTOR WERKS PARTNERS, L.P., )
)
    Plaintiff, )
)
v. ) No. 01 C 7178
)
BMW OF NORTH AMERICA, INC., )
)
    Defendant. )

DOCKETED
SEP 2 4 2001

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, Chief Judge:

Plaintiff Motor Werks Partners, L.P. ("Motor Werks") moves pursuant to Fed.R.Civ.P. 65(b) for a temporary restraining order and preliminary injunction against defendant BMW of North America, Inc. ("BMWNA"). For the following reasons, we deny the motion for a temporary restraining order and refer the parties to Magistrate Judge Nolan for an evidentiary hearing on the motion for a preliminary injunction.

This dispute centers around BMWNA's refusal to allow Motor Werks to sell the MINI, a new vehicle manufactured by a BMW subsidiary. Motor Werks asks this court to enter a temporary restraining order granting it the right to hold itself out as a dealer of the MINI, allowing it to take down the names of potential MINI purchasers, prohibiting BMWNA from representing to the public that Motor Werks is not an authorized MINI dealer, and requiring BMWNA to include Motor Werks as an authorized MINI dealer in all promotional activities.

In order to obtain a temporary restraining order,[1] the moving party must show that its case has some likelihood of success on the merits, that no adequate remedy at law exists, and that it will suffer irreparable harm if the order is not granted. *Ty, Inc. v. Jones Group, Inc.*, 237 F.3d, 891, 895 (7th

---

[1] The standards governing temporary restraining orders and preliminary injunctions are identical. *Charter National Bank and Trust v. Charter One Financial, Inc.*, 2001 WL 527404 (N.D. Ill. 2001).

Cir. 2001). If these three conditions are met, a court must then balance the hardships that the moving party will suffer if relief is not granted against those that the nonmoving party will suffer if relief is granted. *Id.* A court must also consider the public interest, that is, the interest of non-parties, in deciding a motion for a temporary restraining order. *Id.* Finally, a court "weighs all of these factors, 'sitting as would a chancellor in equity,' when it decides whether to grant the injunction." *Id.* (citing *Abbott Labs. v. Mead Johnson & Co.*, 971 F.2d 6, 11 (7th Cir. 1992)).

Since Motor Werks has failed to demonstrate that it will suffer irreparable harm if the requested relief is not granted, we need not discuss the other conditions for granting a temporary restraining order. In fact, it seems unlikely that Auto Werks will suffer any harm at all, much less irreparable harm, if this court were to refuse to grant the order. The MINI is not scheduled to ship until February or March, 2002. By then, after an evidentiary hearing, the motion for a preliminary injunction will have been decided. Motor Werks apparently believes that in the short interim until the completion of this evidentiary hearing, its inability to put customers on a waiting list will leave it at a competitive disadvantage. But if the MINI is as popular as Motor Werks seems to believe (indeed, this very litigation demonstrates Motor Werks' belief), the inability to compile a waiting list for this short period should not harm its profits from these vehicles. Furthermore, even if it were eventually determined that Motor Werks was wrongfully denied profits, money damages would suffice to compensate Motor Werks for its losses. *See Graham v. Medical Mutual of Ohio*, 130 F.3d 293, 296 (7th Cir. 1997) (quoting *Gause v. Perkins*, 56 N.C. (3 Jones Eq.) 177 (1857) (irreparable harm is harm such that "'compensation in money cannot atone for it.'").

Motor Werks also alleges that it will suffer damage to its customer relationships, goodwill, and reputation if the order is not granted, but we find this claim difficult to sustain. It is true that the Seventh Circuit has recognized a presumption that "injuries arising from Lanham Act violations are irreparable." *Abbott Labs. v. Mead Johnson & Co.*, 971 F.2d at 16. However, leaving aside the question of whether it has even alleged a valid Lanham Act cause of action, Motor Werks has failed to offer any evidence (beyond bare assertions in open court about the content of BMW websites) to

2

support its claim that "statements made by BMWNA in marketing and promoting the BMW MINI passenger vehicle have given the false impression that Motor Werks...[is] not authorized or will not be authorized...to sell, service, take orders for or otherwise promote the BMW MINI." Verified Compl. ¶ 72. To be sure, Motor Werks has provided photocopies of the MINI website showing that only 70 BMW dealers will be authorized to sell the car. *See* Verified Compl. Ex. H. However, Motor Werks has not offered any tangible evidence showing that the MINI website or any other BMWNA advertisement communicates to the public that Motor Werks will not be one of these 70 authorized dealers. Plaintiff's bare assertions to the contrary are insufficient to support a temporary restraining order.

We also note that Motor Werks has been aware that BMWNA would refuse to allow it to sell the MINI since at least the middle of June, 2001. *See* Verified Compl. Ex. G (Letter from Jack Pitney, General Manager of the MINI Division to Paul Tamraz, President and CEO of Motor Werks). "Delay in pursuing a preliminary injunction may raise questions regarding the plaintiff's claim that he or she will face irreparable harm if a preliminary injunction is not entered." *Ty, Inc. v. Jones Group, Inc.*, 237 F.3d at 903 (7th Cir. 2001). The fact that Motor Werks did not seek a temporary restraining order immediately upon learning that BMWNA would not allow it to sell the MINI raises serious question as to the need for the requested order.

For the foregoing reasons, we deny Motor Werks' motion for a temporary restraining order and refer the motion for a preliminary injunction to Magistrate Judge Nolan for a hearing forthwith. It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated 9/20/01

3